UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LALANEA STAR LITTLE,
individually and as next friend
of minor child, A.L.,

                    Plaintiffs,              Case No. 20-CV-11857

v.

                                          Honorable Thomas L. Ludington

PRESQUE ISLE COUNTY,
DEPARTMENT OF CHILD PROTECTIVE
SERVICES, DR. TIMOTHY STRAUSS,
JULIE MCALLISTER LEAZIER,

                    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE AND
DIRECTING PLAINTIFFS TO SERVE DEFENDANTS**

On July 8, 2020, Plaintiff Lalanea Star Little filed a complaint against Defendants Presque
Isle County, Department of Child Protective Services, and Jane Doe psychiatrist. ECF No. 1. She
alleges that Defendants wrongfully terminated her parental rights and seized her minor child, A.L.,
thereby violating her rights under the United States Constitution and Michigan law. *Id.* On July 9,
summons were issued for Defendants Department of Child Protective Services and Presque Isle
County. ECF Nos. 2, 3. On October 8, 2020, Plaintiffs were ordered to show cause as to why the
case should not be dismissed for failure to prosecute, given that Plaintiffs had failed to file any
other papers in the preceding three months. ECF No. 4.  On October 16, 2020, Plaintiffs filed an
amended complaint adding Defendants Dr. Timothy Strauss and Julie McCallister Leazier and
dropping the Jane Doe psychiatrist. ECF No. 5. Summons for Defendants Strauss and Leazier were
issued on October 19, 2020. ECF Nos. 6, 7.

On October 22, 2020, Plaintiffs responded to the show cause order. Plaintiffs stated that they had been "working to identify unnamed Defendants and serve them with a live pleading that reflects the appropriate posture of the case." ECF No. 9 at PageID.49–50. Plaintiffs argued that, as a result of their efforts, they were able to amend the complaint and add Defendants Strauss and Leazier. *Id.* at PageID.50. Plaintiffs also stated that they "anticipate[d] that service will be perfected upon [Defendants] in short order." *Id.*

On November 2, 2020, Plaintiffs moved to extend the time allowed for service on Defendants Presque Isle County and Department of Child Protective Services. ECF No. 10. Plaintiffs essentially restated the allegations of their October 22 response and asked this Court to "exten[d] the summons for an appropriate period" given their "reasonable and diligent action on the case." *Id.* at PageID.53.

Federal Rule of Civil Procedure 4 provides,

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Establishing good cause is the responsibility of the party opposing the motion to dismiss—here, the plaintiffs—and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

Plaintiffs' allegations of "reasonable and diligent action" are conclusory and unconvincing, particularly when the amended complaint, filed three months after the original complaint, only added two Defendants. Plaintiffs offer no explanation for why identifying said Defendants was so

difficult nor why Plaintiffs did not serve the other Defendants in the meantime. Accordingly, Plaintiffs have not demonstrated good cause for their failure to serve Defendants.

Nonetheless, dismissal is unwarranted, and justice is better served by an "order that service be made within a specified time." Fed. R. Civ. P. 4(m). Defendants Presque Isle County and Department of Child Protective Services are unlikely to be prejudiced by a short delay so early in litigation, and, given that the summons for Defendants Strauss and Leazier remain valid, dismissal would undermine judicial economy by potentially bifurcating the case or spurring needless joinder practice.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Extend the Time for Service, ECF No. 10, is **GRANTED**.

It is further **ORDERED** that Plaintiffs are **DIRECTED** to serve Defendants Presque Isle County and Department of Child Protective Services **on or before November 20, 2020** and file a certificate of service.

Dated: November 12, 2020                  s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge