UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LALANEA STAR LITTLE,
individually and as next friend
of minor child, A.L.,

        Plaintiffs,

v.

PRESQUE ISLE COUNTY,
DEPARTMENT OF CHILD PROTECTIVE
SERVICES, DR. TIMOTHY STRAUSS,
JULIE MCALLISTER LEAZIER,

        Defendants.
_____/

Case No. 1:20-cv-11857
Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DISMISSING DEFENDANTS MDHHS, PRESQUE ISLE COUNTY, AND JULIE MCALLISTER LEAZIER, DISMISSING ALL CLAIMS TO THE EXTENT THAT THEY ARE BROUGHT BY PLAINTIFF AS NEXT FRIEND OF A.L., AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT DR. TIMOTHY STRAUSS SHOULD NOT BE DISMISSED**

This matter is before the Court pursuant to separate motions to dismiss from Defendants Michigan Department of Health and Human Services ("MDHHS"), Presque Isle County, and Julie McAllister Leazier. ECF Nos. 14, 17, 32. Plaintiff Lalanea Star Little alleges numerous violations of state and federal law stemming from Defendants' termination of her parental rights. For the reasons set forth below, Defendants' Motions to Dismiss will be granted, Defendants MDHHS, Presque Isle County, and Julie McAllister Leazier will be dismissed, all claims to the extent that they brought on behalf of A.L. will be dismissed for lack of subject matter jurisdiction, and Plaintiff will be directed to show cause why Defendant Dr. Timothy Strauss should not be dismissed under Rule 4(m).

# I.

## A.

The facts of this case are difficult to discern because the factual allegations of the Amended Complaint are sparse and often vague or ambiguous. Indeed, despite being 18 pages in length, the Amended Complaint includes a fact section comprising just six paragraphs. ECF No. 5 at PageID.28–30. Nonetheless, after carefully reviewing the Amended Complaint, certain factual allegations can be discerned.

Plaintiff Lalanea Star Little is a resident of Presque Isle County and the mother of some number of minor children, including a minor son, A.L. ECF No. 5 at PageID.28. Plaintiff suffers from borderline personality disorder. *Id.* The Amended Complaint names four Defendants: Presque Isle County, "Department of Child Protective Services," Julie McCallister Leazier—Plaintiff's "caseworker"—and Dr. Timothy Strauss—an employee or "affiliate" of Presque Isle County. *Id.* at PageID.27–28.

According to the Amended Complaint, "the Little Family has been under the control of Presque Isle County[] and its Child Protective Services Department[] since 2015." *Id.* at PageID.28. Sometime around 2015, Presque Isle County "held an emergency hearing to seize [A.L.] and terminate [Plaintiff's] parental rights." *Id.* At the time, Plaintiff was "hospitalized, under anesthesia, and could not attend the hearing." *Id.* Defendants allegedly knew of Plaintiff's condition but "would not allow [her] to attend . . . or even adjourn the hearing."[1] *Id.* A.L. "remains under the control of Presque Isle County." *Id.* Furthermore, Defendants allegedly refuse to allow Plaintiff to visit A.L. unless she takes lithium, a medication to which she has had adverse reactions

---

[1] The Amended Complaint does not state which specific Defendants knew of Plaintiff's hospitalized condition.

in the past. *Id.* at PageID.29. Plaintiff claims that Defendant Leazier "advised [her] that she could not see [A.L.] until she submits to the government's approved course of treatment." *Id.*

Plaintiff also makes vague allegations regarding her other minor children. The Amended Complaint provides, "In 2017, and all times relevant thereto Defendants Child Protective Services, and their agents, recklessly caused numerous baseless investigations to be opened against the Plaintiffs [sic], each with different Case Plans, protocols, and conflicting mandates." *Id.* Plaintiff claims that "[t]hrough material misrepresentations and arbitrary methods, Defendants caused unreasonable and unlawful seizures of [Plaintiff's] children—and unreasonably denied unification of [Plaintiff's] children through willful and/or reckless misrepresentations to courts and law enforcement officials." *Id.* at PageID.29–30.

**B.**

On July 8, 2020, Plaintiff, through her attorney, Allison Folmar, filed an eight-count verified complaint on behalf of herself and as next friend of A.L. seeking declaratory, injunctive, and monetary relief for: unlawful seizure of a person (Count I); conspiracy to deprive constitutional rights (Count II); intentional infliction of emotional distress (Count III); abuse of process (Count IV); breach of contract (Count V); negligence (Count VI); violation of Michigan's Persons with Disabilities Civil Rights Act (Count VII); and misrepresentation (Count VIII). ECF No. 1 at PageID.5–18. The caption of the Complaint named the following defendants: "Presque Isle County, Department of Child Protective Services, Jane Doe, Psychiatrist." *Id.* at PageID.1.

On July 9, 2020, summons were issued for Defendants Presque Isle County and "Department of Child Protective Services." ECF Nos. 2, 3. Nothing was filed on the docket for the following three months. On October 8, 2020, Plaintiff was directed to show cause in writing why the case should not be dismissed for failure to prosecute. ECF No. 4. One week later, the Amended

Complaint was filed, naming Dr. Timothy Strauss and Julie McAllister Leazier as additional Defendants and dismissing "Jane Doe, Psychiatrist." ECF No. 5. Summons were subsequently issued for Defendants Strauss and Leazier. ECF Nos. 6, 7. Shortly thereafter, Plaintiff filed a response to the Show Cause Order and moved to extend the time for service on all Defendants. ECF Nos. 9, 10.

In her Motion to Extend, Plaintiff explained that she had been "working to identify unnamed Defendants and serve them with a live pleading that reflect[ed] the appropriate posture of the case." ECF No. 10 at PageID.53. While this Court found no good cause for her delay, Plaintiff's Motion was nonetheless granted under Federal Rule of Civil Procedure 4(m) because, *inter alia*, "dismissal would [have] undermine[d] judicial economy by potentially bifurcating the case or spurring needless joinder practice." ECF No. 11 at PageID.57. Accordingly, Plaintiff was directed to serve Defendants Presque Isle County and "Department of Child Protective Services" by November 20, 2020. *Id.*

Despite this Court's Order, Defendants Presque Isle County and the Michigan Department of Health and Human Services—the entity that Plaintiff had apparently meant by "Department of Child Protective Services"—were not served until January 15, 2021. ECF Nos. 12, 13. Defendant Leazier was served the following day, January 16, 2021. ECF No. 16. The record reflects that Defendant Strauss has yet to be served.

In early February 2021, Defendants MDHHS and Presque Isle County filed separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] ECF Nos. 14, 17. After a stipulated extension, ECF No. 20, Defendant Leazier filed a motion to dismiss on March 5, 2021,

---

[2] Presque Isle County's Motion is presented as a motion for partial dismissal under Rule 12(b)(6) and for summary judgment under Rule 56. *See* ECF No. 17. Defendant Presque Isle County's request for summary judgment need not be reached, however, because Plaintiff's claims are dismissible for other reasons, as explained in Section III., *infra*.

ECF No. 26. Defendant Leazier later filed an amended motion to dismiss after two more joint stipulations between the parties. ECF Nos. 30, 32, 34. All three Motions to Dismiss have been fully briefed.[3] *See* ECF Nos. 27, 31, 35.

**II.**

Under Rule 12(b)(6), a pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movants' favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 679 (quotations and citation omitted).

**III.**

Defendants raise numerous defenses in their Motions to Dismiss, including the *Rooker-Feldman* doctrine, the statute of limitations, standing, and various forms of immunity. Most of the arguments raised by Defendants need not be reached. For reasons explained below, Plaintiff's federal claims are time-barred and supplemental jurisdiction over the remaining, state law claims will not be exercised.

---

[3] Defendant Presque Isle's Motion to Dismiss, however, lacks a reply brief.

**A.**

Before addressing the statute of limitations, this Court must address the issue of standing. "The threshold question in every federal case is whether the court has the judicial power to entertain the suit." *Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 709 (6th Cir. 2015) (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997)). "Article III of the United States Constitution prescribes that federal courts may exercise jurisdiction only where an actual 'case or controversy' exists." *Id.* at 709–10 (quoting U.S. Const. art. III, § 2). "Courts have explained the 'case or controversy' requirement through a series of 'justiciability doctrines,' including, 'perhaps the most important,' that a litigant must have 'standing' to invoke the jurisdiction of the federal courts." *Id.* at 710 (quoting *Magaw*, 132 F.3d at 279). The Supreme Court has enumerated three elements for Article III standing:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, citations, and alterations omitted).

Defendant Presque Isle County argues that Plaintiff lacks standing because A.L. is not a real party in interest. ECF No. 17-1 at PageID.179. In support, the County attaches the affidavit of Presque Isle County Clerk Ann Marie Main, which states that a review of County records disclosed "no case relevant to [Plaintiff] involving a minor child with the initials A.L." ECF No. 17-15 at PageID.236. According to the affidavit, the County only possesses records regarding "abuse and neglect actions" involving three of Plaintiff's other children: C.L., F.L., and G.L. *Id.* Defendant

Presque Isle County thus concludes that neither Plaintiff nor A.L. "can be said to have suffered an injury in fact as pled in the Complaint." ECF No. 17-1 at PageID.180.

"When a defendant challenges the 'factual existence of subject matter jurisdiction' rather than 'the sufficiency of the [complaint] itself,' no presumption of truthfulness applies to the plaintiff's allegations." *Harris v. Lexington-Fayette Urb. Cty. Gov't*, 685 F. App'x 470, 472 (6th Cir. 2017) (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "Thus, when a defendant produces evidence challenging the factual existence of standing, a plaintiff must generally prove standing with evidence, even at the motion-to-dismiss stage." *Id.* (citing *Taylor v. KeyCorp*, 680 F.3d 609, 613 (6th Cir. 2012)).

In her response brief, Plaintiff provides no explanation for why the County would lack records regarding "A.L." Her only response to the County's standing argument has been to claim that "[t]he matter is neither moot nor nonjusticiable, because [Plaintiff] was the children's real and rightful mother." ECF No. 27 at PageID.284. Given the lack of any evidence that A.L. exists or is related to the conduct at issue here, Plaintiff has not carried her burden of demonstrating that A.L. suffered an injury in fact for purposes of Article III standing. To the extent that Plaintiff brings the Amended Complaint as the next friend of A.L., her claims will be dismissed for lack of subject matter jurisdiction.

As the caption of the Amended Complaint states, however, Plaintiff brings her claims not only as the "next friend of A.L." but "individually." ECF No. 5 at PageID.26. Furthermore, at least some of the purported injuries underlying the Amended Complaint appear unrelated to A.L. In more than once instance, the Amended Complaint refers to the removal of Plaintiff's "children." *See, e.g.*, ECF No. 5 at PageID.41. Additionally, in a personal declaration attached to her response brief, Plaintiff claims that "Presque Isle County and CPS compelled me to sign releases that gave

up my rights to my *children*."[4] ECF No. 27-3 at PageID.302 (emphasis added). Plaintiff's personal declaration is accompanied by court records showing that in November 2015, Plaintiff released her rights over three children whose initials are C.L., F.L., and G.L. *Id.* at PageID.319–23.

The termination of Plaintiff's parental rights over C.L., F.L., and G.L. constitutes an injury in fact that is traceable to Defendants and redressable. *Cf. Sturgis v. Hayes*, 283 F. App'x 309, 312 (6th Cir. 2008) (holding that parents had standing against child protective services officials for alleged constitutional violations where parents brought claims on their own behalf). Accordingly, for purposes of the pleading stage, Plaintiff has standing to pursue her claims against Defendants to the extent that they are brought on her own behalf.

**B.**

Although Plaintiff has standing to pursue her claims individually, her federal claims are time-barred.

Because the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c), a motion to dismiss is "generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations," *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Nonetheless, when "the allegations in the complaint affirmatively show that the claim is time-barred . . . [,] dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). "If the defendant establishes that the statute has run, the burden shifts to the plaintiff to show an exception." *Reid v. Baker*, 499 F. App'x 520, 524 (6th Cir. 2012).

Plaintiff's two federal claims, Counts I and II, are pled pursuant to 42 U.S.C. § 1983. The statute of limitations for a § 1983 action mirrors the limitation period for personal-injury torts in the State in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wolfe v.*

---

[4] In a footnote to her response brief, Plaintiff states that she may "seek to amend the pleadings, naming her children as 'C.L., F.L., and G.L.'" *Id.* at PageID.289 n.1.

*Perry*, 412 F.3d 707, 713–14 (6th Cir. 2005) ("[F]ederal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought."). Counts I and II arose in Michigan, which provides a three-year statute of limitations for personal injury torts. M.C.L. § 600.5805(2); *Searcy v. Cty. of Oakland*, 735 F. Supp. 2d 759, 765 (E.D. Mich. 2010) ("[I]t is well settled that the statute of limitations for claims filed in Michigan based on 42 U.S.C. § 1983 is three years."). Accordingly, the Complaint must have been filed within three-years from the date that Counts I and II accrued.

While state law determines the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis original). Generally, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)).

Here, the Amended Complaint states that "[t]he Little Family has been under the control of Presque Isle County, and its Child Protective Services Department, since 2015." ECF No. 5 at PageID.28. In her personal declaration, Plaintiff confirms that the court proceedings at issue occurred in 2013 and 2015 and that "[i]n 2015, Presque Isle County and CPS caused [her] child, G.L., to be taken away from [her]." ECF No. 27-3 at PageID.301–02. As such, Plaintiff must have known of the conduct underlying Counts I and II no later than when she released her parental rights, which—according to court records submitted by Plaintiff—occurred on November 12, 2015.[5] *See* ECF No. 27-3 at PageID.319–23. Therefore, based on the Amended Complaint and

---

[5] While the Amended Complaint mentions the year 2017, relying on that year for statute of limitations purposes is problematic for at least two reasons. First, Plaintiff has not even suggested that her claims began to accrue in 2017. Indeed, Plaintiff notes the year 2017 only once in her personal declaration, where she states, "In 2017, under the stress of my mental illness, I made posts on social media regarding Presque Isle

Plaintiff's own personal declaration, Counts I and II should have been filed by November 12, 2018—three years from the date that Plaintiff was allegedly compelled to release her parental rights.

In her response brief, Plaintiff concedes that the applicable limitation period is three years. *See* ECF No. 27 at PageID.279. She argues, however, that the three-year limitation period was tolled by reason of her insanity until 2020 when "she became lucid." *Id.*

Under Michigan law, the statute of limitations is tolled for the duration of a claimant's insanity if the claimant was "insane at the time the claim accrues." M.C.L. § 600.5851(1). In such a circumstance, the claimant has until "[one] year after the [insanity] is removed through death or otherwise . . . [to] bring the action." *Id.* Accordingly, "[t]o obtain the benefit of tolling under this statute, *first*, the disability—here, the 'insanity'—must have existed when the claim accrued, *second*, the disability must be continuous, and *third*, the plaintiff must file her lawsuit within one year of the removal of the disability." *Curran v. City of Dearborn*, 957 F. Supp. 2d 877, 884 (E.D. Mich. 2013) (internal citations omitted).

Michigan defines "insane" for tolling purposes as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." *Id.* § 600.5851(2). The plaintiff's burden to demonstrate such a condition is heavy:

> The [Michigan] courts [have] variously defined "mental derangement" under this section to mean that plaintiff: 1) was "unable to work with his retained attorneys [;]" *Makarow v. Volkswagen*, 157 Mich.App. 401, 405, 403 N.W.2d 563 (1987); 2) "was unable to comprehend or assist his attorney in asserting the cause against the defendant[;]" *Hill v. Clark Equipment Co.*, 42 Mich.App. 405, 407, 202 N.W.2d

---

County and CPS wrongfully seizing my children." ECF No. 27-3 at PageID.302. Second, the Amended Complaint's solitary reference to 2017 is so vague and ambiguous that it cannot be said which facts occurred in 2017 as opposed to earlier. *See* ECF No. 5 at PageID.29 ("In 2017, *and all relevant times thereto*, Defendants Child Protective Services, and their agents, recklessly caused numerous baseless investigations to be opened against the Plaintiffs . . . .") (emphasis added).

> 530 (1972); and 3) was "unable to attend to personal and business affairs," "that it was necessary to explain to [plaintiff] matters the ordinary person would understand," and that "he was unable to comprehend simple legal procedures." *Davidson v. Baker–Vander Veen Construction Co.*, 35 Mich.App. 293, 298, 192 N.W.2d 312 (1971).

*English v. Bousamra*, 9 F. Supp. 2d 803, 809 (W.D. Mich. 1998), *aff'd*, 188 F.3d 507 (6th Cir. 1999); *accord Britt v. Smith*, 9 F. App'x 409, 411 (6th Cir. 2001). "[O]nly a severe mental impairment will justify excusing plaintiff from bringing suit." *English*, 9 F. Supp. 2d at 809.

In support of her tolling argument, Plaintiff relies on her personal declaration, which states that "[she] suffer[s] from Bipolar Disorder, Borderline Personality Disorder, Post-Traumatic Stress Disorder, and anxiety" and that she was "suffering from these mental illnesses during [the] court proceedings in 2013[] and 2015." ECF No. 27-3 at PageID.301–02. Her declaration further states that she was "involuntarily committed to the Alpena Regional Medical Center" in June 2015 and that "[m]onths later, Presque Isle County and CPS compelled [her] to sign releases that gave up [her] rights to [her] children." *Id.* at PageID.302. Along with her declaration, Plaintiff includes certain involuntary commitment filings indicating that she was hospitalized in June 2015 after "overdos[ing] on prescription meds [and] le[aving] a suicide note." *Id.* at PageID.305. The filings also indicate that Plaintiff suffered from "depressive symptoms," "suicidal thoughts," and "incapacitating anxiety." *Id.* at PageID.310. Despite her prior hospitalization, Plaintiff's declarations states that "[t]oday," she is "stable" and "under [her] doctor's care." *Id.* at PageID.301.

Plaintiff's insanity argument is deficient for three reasons. First, she has not shown or alleged that her mental illness was so severe as to prevent her from comprehending her rights. *See* M.C.L. § 600.5851(1). Indeed, there is no allegation in the Amended Complaint, the briefing, or Plaintiff's personal declaration that she was ever unable to "comprehend or assist" counsel or "unable to comprehend simple legal procedures." *Cf. English*, 9 F. Supp. 2d at 809. Moreover,

courts have repeatedly rejected similar instances of mental illness as insufficient under Michigan law. *See, e.g.*, *El v. City of Livonia*, No. 17-13190, 2018 WL 4223500, at *3 (E.D. Mich. Aug. 28, 2018) (finding insufficient derangement where physician's affidavit diagnosing plaintiff with "schizoaffective disorder" and "severe [] bipolar depression" "provid[ed] no information regarding [the plaintiff's] ability to comprehend her claims or assist her attorney"); *Curran*, 957 F. Supp. 2d at 885 (finding insufficient derangement where medical records describing plaintiff as "bipolar manic with psychosis" "d[id] not indicate that [she] was unable to comprehend any substantive legal rights").

Second, even if Plaintiff was insane at some point, she has not shown that she was insane at the time her federal claims accrued. "To be considered a disability, the . . . insanity must exist *at the time* the claim accrues." M.C.L. § 600.5851(3) (emphasis added); *see also Curran*, 957 F. Supp. 2d at 884. Plaintiff vaguely asserts in her personal declaration that her "illnesses remained present throughout [her 2013 and 2015] proceedings." ECF No. 27-3 at PageID.302. According to her own documentary evidence, however, Plaintiff was involuntarily committed five months before releasing her parental rights in November 2015. *See* ECF No. 27-3 at PageID.308, 319. Therefore, even if Plaintiff's illnesses "remained present" at the time her federal claims accrued, it is unclear whether her illnesses rendered her insane at that time.

Third, even if Plaintiff was insane when her federal claims accrued, she has not shown that she was continuously insane until at least one year before the Complaint was filed. Plaintiff states in her response brief that she "knew or had reason to know that Defendants wrongfully seized her children in 2020, as she became lucid." ECF No. 27 at PageID.279. As a threshold matter, Plaintiff has not explained what she means by "lucid" or why she only became "lucid" in 2020. Moreover, Plaintiff admits in her personal declaration that in 2017, she complained on social media about

"Presque Isle County and CPS wrongfully seizing [her] children." ECF No. 27-3 at PageID.302. Therefore, Plaintiff must have understood as early as 2017 that Defendants had violated her rights. Accordingly, even if Plaintiff was insane when her federal claims accrued, the period of insanity was not continuous until at least a year before the Complaint was filed.

While Plaintiff correctly notes that her factual allegations must be assumed true, ECF No. 27 at PageID.279, the procedural posture of this case does not preclude dismissal of her time-barred claims, as explained above, and as illustrated in other cases, *see, e.g.*, *Hight v. City of Ferndale*, 25 F. App'x 356, 357 (6th Cir. 2002) (affirming dismissal of time-barred claims where "the evidence which [the plaintiff] presented in the district court did not carry his burden of establishing that he was mentally ill at the time of the incident"); *Britt v. Smith*, 9 F. App'x 409, 411 (6th Cir. 2001) (affirming dismissal of time-barred claim where plaintiff failed to show that he suffered from qualifying mental disability at time his claim accrued); *City of Livonia*, 2018 WL 4223500, at *3 (granting motion to dismiss where plaintiff failed to show that her mental illness tolled the statute of limitations). Based on the foregoing, Counts I and II are time-barred and will therefore be dismissed.

**C.**

As acknowledged in the Amended Complaint, this Court has federal question jurisdiction over Counts I and II and supplemental jurisdiction over the state law claims. ECF No. 5 at PageID.27 (citing 28 U.S.C. §§ 1331(a) and 1367). Because Plaintiff's federal claims will be dismissed, this Court must decide whether to continue exercising supplemental jurisdiction over Plaintiff's remaining, state law claims. For the reasons set forth below, continuing to exercise supplemental jurisdiction would be inappropriate in this case.

Under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998). "Residual jurisdiction should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh [the] concern over 'needlessly deciding state law issues.'" *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).

Here, considerations of comity outweigh any interest in judicial economy or avoiding the "multiplicity of litigation." *Id.* While this case has been on the docket for nearly a year, little has transpired during that time. Defendants only recently filed their Motions to Dismiss in February and March, and discovery has not been opened. *Cf. Howell v. Father Maloney's Boys' Haven, Inc.*, 424 F. Supp. 3d 511, 521 (W.D. Ky.) (declining to exercise supplemental jurisdiction where "parties h[ad] engaged in very little, if any, discovery" and the court "h[ad] not invested significant time in t[he] case") (internal quotation marks omitted), *aff'd*, 976 F.3d 750 (6th Cir. 2020). Accordingly, there does not appear to be any "overwhelming interests in judicial economy" favoring supplemental jurisdiction. *See Ciurleo v. St. Regis Par.*, 214 F. Supp. 3d 647, 653 (E.D. Mich. 2016) (dismissing without prejudice state law claims where "parties ha[d] yet to even begin discovery").

On the other hand, continuing to exercise supplemental jurisdiction would require this Court to address whether a Michigan department and county—in conjunction with alleged

Michigan officials—violated Michigan law. Under the circumstances, Michigan courts are better suited to decide Plaintiff's remaining claims. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (holding that district court should have declined to exercise supplemental jurisdiction over IIED claim because "[the] claim implicate[d] complex aspects of Michigan law"); *see also Clark v. Stone*, 475 F. Supp. 3d 656, 675 (W.D. Ky. 2020) (declining to exercise supplemental jurisdiction over remaining state law claims against social workers after dismissing parents' federal claims).

Plaintiff does not identify any relevant factors in favor of continuing to exercise supplemental jurisdiction. *See* ECF No. 27 at PageID.288. She merely notes this Court's discretion to exercise supplemental jurisdiction even after dismissing the original jurisdiction claims. *Id.*

Based on the foregoing, Plaintiff's remaining, state law claims (Counts III through VIII) will be dismissed without prejudice so that Plaintiff may pursue these claims in state court to the extent that doing so is otherwise appropriate.

**IV.**

As mentioned in Section II.B., *supra*, Plaintiff has not filed proof of service for Defendant Dr. Timothy Strauss, for whom summons was issued over six months ago, on October 19, 2020. ECF No. 6. Federal Rule of Civil Procedure 4 states, "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Accordingly, Plaintiff will be directed to show cause in writing why Defendant Strauss should not be dismissed pursuant to Rule 4(m).

**V.**

Accordingly, it is **ORDERED** that the separate Motions to Dismiss of Defendants Michigan Department of Health and Human Services, Presque Isle County, and Julie McAllister Leazier, ECF Nos. 14, 17, 32, are **GRANTED**.

It is further **ORDERED** that all claims in the Amended Compliant, to the extent that such claims are brought by Plaintiff as next friend of A.L., are **DISMISSED** for lack of subject matter jurisdiction.

It is further **ORDERED** that as to Defendants Michigan Department of Health and Human Services, Presque Isle County, and Julie McAllister Leazier, Counts I and II are **DISMISSED WITH PREJUDICE** and Counts III, VI, V, VI, VII, and VIII are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Defendants Michigan Department of Health and Human Services, Presque Isle County, and Julie McAllister Leazier are **DISMISSED**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to show cause in writing **on or before May 7, 2021** why Defendant Dr. Timothy Strauss should not be dismissed under Federal Rule of Civil Procedure 4(m).

Dated: April 30, 2021    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge